UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN MILITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNOWFLAKE, INC. DBA SNOWFLAKE COMPUTING, INC, a foreign profit corporation doing business as SNOWFLAKE; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**28 U.S.C. § 1446** |

TO:            Clerk of the Court

AND TO:      Plaintiff and his Counsel of Record:

PLEASE TAKE NOTICE that, for reasons set forth below, Defendant SNOWFLAKE, INC. DBA SNOWFLAKE COMPUTING, INC. ("Snowflake"), through its undersigned counsel, hereby removes the above-captioned matter from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington.

This Court has original subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1332(d), 1441, 1453 and 1446, because this is a class action, minimal diversity exists and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper for the reasons explained more fully below.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1

## I.      PROCEDURAL BACKGROUND

2       1.      On or about February 7, 2025, Plaintiff John Milito ("Plaintiff") commenced this

3    action against Snowflake in the Superior Court of the State of Washington for King County, Case

4    No. 25-2-03859-9 SEA. Snowflake was served with the Complaint on February 12, 2025. *See*

5    Declaration of Danielle Godfrey on behalf of Snowflake ("Godfrey Decl."), ¶ 6. A copy of

6    Plaintiff's Complaint filed in this action in the Superior Court of the State of Washington for King

7    County is attached hereto as **Exhibit A** (the "Complaint"). Copies of all other process, pleadings,

8    papers, and orders filed in this action in the Superior Court of the State of Washington for King

9    County are attached hereto as **Exhibit B**. This notice of removal is timely under 28 U.S.C. §

10   1446(b) because it was filed within 30 days after service. 28 U.S.C. § 1446(b)(1); *see also Edman*

11   *v. Kindred Nursing Ctrs. W. LLC*, No. C14-1280 MJP, 2014 WL 11072013, at *1 (W.D. Wash.

12   Nov. 19, 2014) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005)).

13      2.      Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and documents filed in the

14   state court action are being filed concurrently with this notice. These documents consist of:

| Sub Number | Description |
|---|---|
| 1 | Complaint for Tort - Other |
| 2 | Order Setting Case Schedule - Civil |
| 3 | Case Information Cover Sheet |
| 4 | Summons |
| 5 | Affidavit / Declaration / Certificate Of Service - Served |
| 6 | Notice of Appearance |
| 7 | Affidavit / Declaration / Certificate of eService |

20      3.      Plaintiff, on behalf of himself and others similarly situated, brings a class action

21   Complaint alleging that Snowflake violated RCW 49.58.110, Washington's pay transparency

22   statute. Snowflake denies that it owes anything by the Complaint but treats the Complaint as true

23   for purposes of this Notice of Removal only.

24      4.      The Superior Court of the State of Washington for King County is located within

25   the Western District of Washington. 28 U.S.C. § 128(b). Venue is therefore proper in this Court

26   under 28 U.S.C. § 1441(a).

        5.      A true and complete copy of this Notice of Removal is being served on Plaintiff,

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

through counsel, and a Notice of Filing of the Notice of Removal is being filed with the clerk of the Superior Court of the State of Washington for King County. *See* 28 U.S.C. § 1446(d).

6.     Snowflake has not taken any action to submit the merits of its defenses for a binding decision from the Superior Court of the State of Washington for King County, nor has it otherwise waived its right to remove this action.

7.     By removing the action to this Court, Snowflake does not waive any defenses, objections, or motions available to it under state and federal law, nor does Snowflake concede that Plaintiff has stated any claim upon which relief may be granted.

## II.     THIS COURT HAS JURISDICTION UNDER CAFA

8.     Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), this Court has original jurisdiction over this matter. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interests and costs). 28 U.S.C. §§ 1332(d)(2), (d)(5)(B); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). These jurisdictional requirements are satisfied in this action.

### a.     Minimal Diversity Exists

9.     CAFA only requires minimal diversity for purposes of establishing federal jurisdiction; at least one purported class member must be a citizen of a state different from the named defendant. 28 U.S.C. §§ 1332(d)(20(A). Here, such minimal diversity exists among the parties. Plaintiff is a citizen of Washington State, which is different from Snowflake. Godfrey Decl., ¶ 4–5.

10.    For purposes of determining diversity, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state"). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto. Ins.*

*Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile." (citations omitted)). Domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

11.    Plaintiff alleges that he is a resident of King County, Washington. *See* Complaint, ¶ 15. For removal purposes, he is considered a citizen of Washington.

12.    For purposes of establishing diversity jurisdiction under CAFA, a corporation is considered a citizen of the state by which it has been incorporated and the state where it has a principal place of business. *See* 28 U.S.C. § 1332(c)(1).

13.    Snowflake is a Delaware corporation with its principal place of business outside of the state of Washington. Godfrey Decl., ¶ 4–5. Accordingly, for purposes of removal, Snowflake is not a citizen of Washington.

14.    Because Plaintiff is a citizen of Washington and Snowflake is not, CAFA's minimum diversity requirement is satisfied.

b.    **This Action Involves 100 or More Putative Class Members**

15.    Plaintiff purports to represent "dozens" of potential class members who applied for a job with Snowflake in the State of Washington from January 1, 2023 to the present where job postings did not disclose a wage scale or salary range. *See* Complaint, ¶ ¶ 39, 41.

16.    During the alleged class period, there are more than 1,000 individuals who submitted job applications for Snowflake positions that could be performed within the state of Washington where a wage scale or salary range was not listed. Godfrey Decl., ¶ 8. This greatly exceeds the 100-person minimum threshold for CAFA.

c.    **The Amount in Controversy Meets the CAFA Threshold**

17.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from

the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." *Senate Judiciary Committee Report*, S. Rep. No. 109-14, at 42 (2005). As recently noted by the Ninth Circuit Court of Appeals, the Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA." (citation omitted.) *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019). Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. No. 109-14 at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case…Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

18.     Although Snowflake expressly denies any liability for the claims alleged in the Complaint, Snowflake has a good faith reason to believe that the amount in controversy exceeds the jurisdictional threshold of $5,000,000. All calculations in support of the amount in controversy analysis are based on the allegations in Plaintiff's Complaint and are not intended as an admission that any of these allegations have merit.

19.     Where, as here, damages are not specified in the Complaint, the defendant's notice of removal "need not contain evidentiary submissions," but "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014) (citing 28 U.S.C. § 1446(a)). Because Plaintiff has not alleged his particular damages, reasonable estimates of the alleged amount in controversy are appropriate. *Arias*, 936 F.3d at 925 ("a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'"; for example, an assumption "may be reasonable if it is founded on the allegations of the complaint"), *quoting Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

20.     In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Arias*, 936 F.3d at 927 (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy"), *quoting Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F. 3d 785, 794 (9th Cir. 2018); *see also Longmire v. HMS Host USA, Inc*., No. 12cv2203 AJB (DHB), 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for statutory attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or mandatory).

21.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

22.     The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative leading. *Medrano v. Genco Supply Chain Sols.*, No. 1:10-cv-01555-LJO-SKO, 2011 WL 92016, at *11 (E.D. Cal. Jan. 11, 2011) (holding that, for purposes of removal, a court "must deal with what has actually been pled").

23.     Plaintiff's Complaint seeks relief on behalf of all individuals who, between January 1, 2023 and the present, applied to a job opening with Snowflake in Washington that did not disclose a wage scale or salary range. Complaint, ¶ 39.

24.     Given that, during that time period, there are more than 1,000 applicants for Snowflake job openings that could be performed within the state of Washington and that did not disclose a wage scale or salary range, and that RCW 49.58.070 provides for statutory damages of at least $5,000 per applicant, presumed damages exceed $5,000,000.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

3e73be96c3

25.     The amount in controversy therefore exceeds CAFA's $5,000,000 threshold, even without considering attorneys' fees.

26.     The Complaint also alleges that Plaintiff and putative class members are entitled to recover attorneys' fees and costs pursuant to RCW 49.58.070(1). Complaint, ¶ 56. A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Arias*, 936 F.3d at 927 (9th Cir. 2019) (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy"), *quoting Fritsc*h, *supra*, 899 F. 3d at 794; see also Galt G/S, supra, 142 F.3d at 1156 ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

27.     "When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate." *Johnson v. Tractor Supply Co*., No. 19-cv-0270, 2019 WL 2004436, at *3 (W.D. Wash. May 7, 2019) *quoting Garcia v. Lifetime Brands, Inc*., No. EDCV 15-1924-JLS (SPX), 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016); *see also Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *28-29 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case).

28.     Accordingly, at least another $1,250,000 is placed into controversy in this action by virtue of Plaintiff's demand for attorneys' fees using the standard 25% rate.

29.     Thus, although Snowflake denies Plaintiff's allegations that Plaintiff or any putative class member is entitled to the relief sought in the Complaint, the total amount in controversy exceeds the $5,000,000 threshold set forth in 28 U.S.C. section 1332(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Snowflake prays that the above-referenced action now pending in the Superior Court of the State of Washington for King County be removed therefrom in its entirety

1    to this Court, as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Superior Court of

2    the State of Washington for King County proceed no further unless and until the case is remanded.

3

4    Dated: March 13, 2025                    Respectfully submitted,

5                                             DLA PIPER LLP (US)

6

7                                             By: *s/ Anthony Todaro*
                                              _____
8                                             Anthony Todaro, Bar No. WA-30391
                                              Alexandria Cates, Bar No. WA-53786
9                                             701 Fifth Avenue, Suite 6900
                                              Seattle, WA  98104-7029
10                                            Telephone:    206.839.4800
                                              Facsimile:    206.839.4801
11                                            E-mail: anthony.todaro@us.dlapiper.com
                                              alexandria.cates@us.dlapiper.com
12

13                                            *Attorneys for Defendant Snowflake Inc. DBA*
                                              *Snowflake Computing, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### **<u>VERIFICATION</u>**

Pursuant to Western District of Washington Local Rule 101(c), the undersigned counsel for Defendant SNOWFLAKE, INC. DBA SNOWFLAKE COMPUTING, INC. hereby verifies that the pleadings and other documents attached hereto are true and correct copies of the pleadings and documents in the state court proceeding. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington, this 13th day of March 2025.

*/s/Anthony Todaro*

Anthony Todaro, WSBA No. 30391

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on March 13, 2025, I caused a true and correct copy of the foregoing

3   document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Timothy Emery<br>Pat5rick Reddy<br>Paul Cipriani<br>Hannah Haley<br>EMERY REDDY PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Email: emeryt@emeryreddy.com<br>reddyp@emeryreddy.com<br>paul@emeryreddy.com<br>hannah@emeryreddy.com<br><br>*Attorneys for Plaintiff and the Class* | ☐   Via Hand Delivery<br><br>☐   Via U.S. Mail<br><br>☑   Via E-mail<br><br>☑   Via the Court's<br>E-Service Device |

11      I declare under penalty of perjury under the laws of the state of Washington that the

12   foregoing is true and correct.

13      Dated this 13th day of March, 2025.

14

15                    *s/ Jacey Bittle*
                 Jacey Bitte, Legal Executive Assistant

16

17

18

19

20

21

22

23

24

25

26

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800